```
 1  PATRICK D. ROBBINS (CABN 152288)
    Acting United States Attorney
 2  MARTHA BOERSCH (CABN 126569)
    Chief, Criminal Division ADRIAN BROWN
 3  WENDY M. GARBERS (CABN 213208)
    Assistant United States Attorney
 4
        450 Golden Gate Avenue, Box 36055
 5      San Francisco, California 94102-3495
        Telephone: (415) 436-6475
 6      FAX: (415) 436-7234
        wendy.garbers@usdoj.gov
 7
    Attorneys for United States of America
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) No. 23-cr-00167 SI |
|---|---|
| Plaintiff, | ) **UNITED STATES'S SENTENCING** |
| | ) **MEMORANDUM** |
| v. | ) |
| | ) Date: February 28, 2024 |
| KENNIETH MATTHEWS, | ) Time: 11:00 a.m. |
| Defendant. | ) |

## I. BACKGROUND

Kennieth Matthew is a felon, who is prohibited from possessing firearms. Nevertheless, on August 1, 2022, he had a Glock .40 caliber pistol, with a high-capacity magazine, in his possession.

Around 5:39 p.m. on August 1, 2022, near Torino's Market in the Bayview District, San Francisco Police Department (SFPD) officers observed a Toyota Camry driving with a temporary California license plate. The officers ran the plate number, and there was no record of the number on file. The sole occupant of the car was wearing a black balaclava face mask. The officers conducted an investigative stop of the Camry. When the driver pulled down his window, the officers recognized Matthews, whom they knew from prior contacts.

Officers asked Matthews to turn off the vehicle. Instead of turning the car off, and without

U.S. SENTENCING MEMO         1
23-cr-00167 SI

warning, Matthews quickly accelerated the car out of its parked position and down the street, nearly hitting the two officers.  The officers got into their vehicle and attempted to follow Matthews.  They also called for other officers to support.  Shortly thereafter, Matthews's Camry was founded parked with the engine running in front of 1150 Thomas Avenue.  Security camera footage from that area shows Matthews driving the Camry to the location, running out of the car, and stuffing something in his front waistband area.  Matthews is then seen running towards an undeveloped area with grass and shrubs along the bay in Candlestick Point Recreation Area.

The next morning, on August 2, canine units from SFPD, ATF, and the Federal Protective Service conducted a search of the area where Matthews ran through the open fields.  They located a Glock firearm with an ammunition magazine and a separate high-capacity 30-round loaded magazine with unspent cartridges of the same caliber as the gun.  The magazine in the firearm contained a full 12 rounds of ammunition.  The high-capacity magazine contained a full 30 rounds of ammunition.  The firearm and magazines were found in the middle of a shrub bush.  DNA analysis determined that Matthews' DNA was on the firearm.

On June 6, 2023, the grand jury returned an Indictment, charging Matthews with one count of being a Felon In Possession Of A Firearm, in violation of 18 U.S.C. § 922(g).  (ECF 1.)  On June 8, 2023, Matthews was released pretrial on conditions.  (ECF 8.)  On October 25, 2024, Matthews accepted responsibility for his crime and entered a guilty plea.  (ECF 43.)

## II.     SENTENCING GUIDELINES CALCULATIONS

As set forth in the PSR, the Sentencing Guidelines calculations for Matthews' offense level are as follows:

    a. **Base Offense Level, U.S.S.G. § 2K2.1(a)(4):**     **20**

    b. **Specific offense characteristics:**     **+0**

    c. **Acceptance of Responsibility § 3E1.1:**     **-3**

    d. **Adjusted Offense Level:**     **17**

*See* PSR ¶¶ at 13-22.  The parties have not reached any agreement regarding Matthews' criminal history.  Probation has calculated that Matthews' criminal history score is 11, and he therefore falls into Criminal

History Category V.  (*Id.* at ¶ 32.)  The government agrees with Probation's criminal history calculations.  As reflected in the PSR, the Guidelines range for imprisonment associated with adjusted offense level 17 and Criminal History Category V is 46-57 months.  (*Id.* at ¶ 68.)

### III. GOVERNMENT'S SENTENCING RECOMMENDATION

The Court must impose a sentence sufficient, but not greater than necessary, to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford adequate deterrence; to protect the public; and to rehabilitate the defendant. 18 U.S.C. § 3553(a)(2); *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008).  Section 3553(a) sets forth several factors that the Court must consider in determining a just sentence: (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the purposes of sentencing; (3) the kinds of sentences available; (4) the Guidelines range for sentences; (5) any pertinent policy statements; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to any victims.  18 U.S.C. § 3553(a); *Carty*, 520 F.3d at 991.  The Guidelines are "the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007).  Although the Guidelines are not binding, they "reflect a rough approximation of sentences that might achieve section 3553(a)'s objectives." *Rita v. United States*, 551 U.S. 338, 350 (2007).

Matthews criminal history is serious and lengthy.  It includes convictions for violence, such as his 2014 armed assault of the mother of his child (PSR at ¶ 25), and being involved in a 2021 gang-related shooting (PSR at ¶ 29).  Matthews appears particularly resistant to giving up firearms.  He was convicted of being a felon in possession of a firearm in 2015.  (PSR at ¶ 26.)  He was again found with a firearm in 2021, when he was discovered to be involved in the gang-related shooting referenced above.  (PSR at ¶ 29.)  Notwithstanding his two-year prison sentence for that incident, he again was discovered to be in possession of a firearm on August 1, 2022, when he was arrested in connection with this incident.  Matthews' track record suggests that he is at risk of repeating this behavior in the future. *See United States v. Segura-Del Real*, 83 F.3d 275, 277 (9th Cir. 1996) (A sentencing court acts fully within its discretion when it "consider[s] the defendant's repetition of the same or similar offenses" and bases its sentence on that circumstance.).

Nevertheless, the government acknowledges that Matthews has been on pretrial release since June 2023 and has been doing well. He has not had any significant violations. He reports that he has been working full time—as a Community Ambassador with Five Keys for the past 15 months. He also reports that he is the sole caretaker of his 12-year-old son and that there is no viable plan for his son's care if he is incarcerated.

Against this backdrop, the government recommends a sentence of five years' Probation, with a stay-away-from-the-Bayview-and-Hunters-Point-neighborhoods order. The government does not support a time served sentence, with only supervised release. Probation permits Matthews to be resentenced if he violates his conditions. Five years' Probation is a marked reduction from his Guidelines sentence and a significant reduction from the sentence recommended in the PSR. Matthews has a significant criminal history and is a recidivist possessor of firearms. Although he has been doing well for the last couple years while on pretrial release (with these federal charges hanging over him), the government wants to make certain that this continues to be the case. A sentence of Probation will ensure that he is being monitored and has access to federal resources and that he can be resentenced if he returns to his old ways. The stay-away order will ensure that he is not present in geographical areas that have caused him trouble in the past. *See* PSR at ¶¶ 7, 33, 34, 35, 37, and 38. A sentence of five years' Probation is more than fair and will allow Matthews to continue to care for his son.

**IV.   CONCLUSION**

For the foregoing reasons, the government recommends that the Court sentence Matthews to five years' Probation, with a stay-away-from-the-Bayview-and-Hunters-Point-neighborhoods order. Additionally, the Court should impose a $100 special assessment and order Matthews to forfeit the firearm and ammunition seized on or about August 2, 2022.

DATED: February 21, 2025

Respectfully submitted,
PATRICK D. ROBBINS
Acting United States Attorney

*/s/ Wendy M. Garbers*
WENDY M. GARBERS
Assistant United States Attorney